Rogers HICKS, John Ives, individually and on behalf of all other paralegals similarly situated, Plaintiffs–Appellees–Cross–Appellants,

Bernard J. Zolnowski, Jr., Kelvin Seay, Roy Castleberry, Cornelius Redden, John Williams, Terry Ridgeway, Benjamin Jones, individually and on behalf of all other inmates similarly situated, Jeffrey M. Jayson, Esq., individually and on behalf of all other attorneys similarly situated, Malachi Ives, Plaintiffs–Appellants,

v.

ERIE COUNTY, NEW YORK State, Defendant–Appellant–Cross–Appellee,

Dennis GORSKI, Ex Officio as Erie County Executive, Edward M. Sobczyk, Assistant Superintendent, Erie County Holding Center, John Dray, Superintendent, Erie County Holding Center, Thomas Higgins, Frederick Netzel, Superintendent, Erie County Correctional Facility, Kenneth A. Schoetz, Erie County Attorney, James A.W. McLeod, Second Assistant County Attorney, Erie County Holding Center, Erie County Correctional Facility, Willie Brown, Deputy Superintendent, Erie County Holding Center, Defendants–Appellees.

Nos. 02–0119, 02–0122.

United States Court of Appeals, Second Circuit.

May 13, 2003.

Kristin Klein Wheaton, Assistant County Attorney, (Frederick A. Wolf, Erie County Attorney, on the brief), Buffalo, NY, for Appellant–Cross–Appellee.

Richard Baumgarten (Glenn E. Murray, on the brief) Buffalo, N.Y., for Appellees–Cross–Appellants.

Present: LEVAL, CABRANES, Circuit Judges, and MURTHA, District Judge.*

### SUMMARY ORDER

UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED that the judgment of the District Court be and it hereby is **AFFIRMED** in part, **REVERSED** in part and **REMANDED.**

Plaintiffs–Appellees are paralegals who brought this action pursuant to 42 U.S.C. § 1983 in order to challenge an unwritten policy of the Erie County Holding Center ("ECHC") that prohibits paralegals with felony convictions from obtaining privileged access to the prison. They argue that subjecting felon paralegals to the security procedures in place for members of the general public who visit the prison, rather than permitting them the private, unmonitored access to prisoners that attorneys and non-felon paralegals are granted, violates various constitutional rights including their Fourteenth Amendment rights to due process and equal protection. They also assert that ECHC selectively enforced this policy in violation of the Equal Protection Clause.

The defendants filed a motion for summary judgment on April 8, 1998. On March 31, 2000, the District Court granted in part and denied in part the motion. First, the Court held that the policy denying privileged access to paralegals with felony convictions did not violate the Equal Protection Clause because it was "rationally related to the legitimate penological interest of prison security." *Hicks v. Erie County*, No. 97 Civ. 549S(F), at 12 (W.D.N.Y. March 31, 2000). With respect to the selective enforcement claim, the Court stated that "[w]hile this Court is inclined to grant defendants' motion on the current state of the record, ... this Court is troubled with [certain] alleged discovery problems in this case relating to this cause of action." *Id.* at 14. More specifically,

---

* The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

the Court noted that "plaintiffs have been unsuccessful in obtaining information from defendants relating to the number of ex-offenders that have been allowed privileged access." *Id.* For this reason, the Court gave plaintiffs an opportunity to amend their papers and denied the motion for summary judgment on this claim "without prejudice and with leave to renew." *Id.*

With respect to the Due Process claim, the Court held that, because ECHC grants privileged access to non-felon paralegals, the plaintiffs had a "legitimate claim of entitlement" to such access that gave rise to a protected property interest. *Id.* at 18. It then determined that, before ECHC could revoke that interest, the Due Process Clause "required at least: (1) notice of the factual bases for denial, (2) an opportunity for the applicant to respond to these, and (3) a final written statement of the reasons for denial...." *Id.* at 20. The Court then stated that "it is undisputed that defendants' policy did not provide for an opportunity to rebut, but reflexively denied ex-offender paralegals the same privileges afforded to other paralegals, in perpetuity and based solely upon the fact of conviction...." *Id.* at 21. For this reason, it held that "defendants' policy, to the extent that it did not provide plaintiffs with an opportunity to rebut adverse inferences, violated plaintiffs' due process rights." *Id.* at 22.

The Court then determined that the individual defendants were entitled to qualified immunity on the due process claim, but that Erie County could be held liable because "the blanket denial of legal visitation to ex-offenders was a policy of the County." *Id.* at 25; *see also Monell v. Dep't of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (holding that "it is when execution of a government's policy or custom ... inflicts the injury that the government as an entity is responsible under § 1983").

On August 25, 2000, after further discovery, the defendants renewed their motion for summary judgment with respect to the selective enforcement claim. On April 4, 2002, the District Court granted the motion, holding that, although the defendants were unable to produce records regarding the denial of privileged access from the years 1984–1988, there was no evidence that these records were deliberately destroyed or that they would have provided evidence favorable to the plaintiffs. The Court then granted the defendants' motion for summary judgment on this claim because the plaintiffs had failed to produce any evidence that the policy prohibiting felon paralegals from obtaining privileged access had been selectively enforced.

In their August 25, 2000 renewed motion for summary judgment, the defendants also sought summary judgment on the issue of damages. On March 30, 2001, the District Court granted the defendants' motion regarding damages. It reasoned:

> Even if Plaintiffs had been given an opportunity to rebut the finding that they were convicted felons, they could not. According to their policy, Defendants would have denied Plaintiffs privileged visitation even if Defendants had given Plaintiffs full due process. Therefore, the deprivation was a justified deprivation, despite the fact that the procedure was deficient.

*Hicks v. Erie County,* No. 97 Civ. 549S(F), at 5 (W.D.N.Y. March 30, 2001). For this reason, the Court awarded plaintiffs only nominal damages in the amount of one dollar.

On May 21, 2001, plaintiffs filed a motion for attorney's fees pursuant to 42 U.S.C. § 1988, seeking $71,925 in fees for the attorney who represented them throughout most of the instant action. On

March 25, 2002, the District Court awarded plaintiffs $15,500 in fees, reasoning that the plaintiffs prevailed on only one of their claims, and they obtained only nominal damages.

On appeal, both sides challenge each of the District Court's rulings to the extent that the opposing party prevailed. We find the plaintiffs' arguments on appeal to be without merit and, accordingly, we affirm the judgment of the District Court to the extent that it granted partial summary judgment to the defendants.

We do not agree, however, with the District Court's holding that Erie County violated the plaintiffs' due process rights. Assuming *only for the sake of argument* that the plaintiffs do, in fact, have a property interest in privileged access to ECHC, they have failed to adduce evidence sufficient to prove that Erie County denied them due process in revoking their access privileges. First, there is no basis in the record for the District Court's conclusion that "defendants' policy did not provide for an opportunity to rebut" the fact of felony conviction. *Hicks v. Erie County*, No. 97 Civ. 549S(F), at 21 (W.D.N.Y. March 31, 2000). Both of the two named plaintiffs-appellants, Rogers Hicks and John Ives, testified that they were aware that they were denied privileged access as a result of their felony convictions, and neither disputes the fact that he is a convicted felon. Moreover, neither Hicks nor Ives made any attempt to appeal his denial of privileged access to anyone within the administration of ECHC or Erie County. Accordingly, plaintiffs cannot prove that Erie County would not have been willing to consider an appeal that disputed the fact of felony conviction.

Furthermore, to the extent that the District Court concluded that ECHC's policy violated the Due Process Clause because it did not allow for the rebuttal of "adverse inferences" about the security risks posed by felon paralegals, the District Court erred because the policy excluding paralegals from privileged access on the basis of their felony convictions was a lawful policy.

Because we hold that Erie County has not violated plaintiffs' due process rights, plaintiffs have not prevailed on any of their claims. Accordingly, the District Court's award of attorney's fees is vacated. *See* 42 U.S.C. § 1988 (permitting courts to award attorney's fees only to "the prevailing party").

For the foregoing reasons, the judgment of the District Court is AFFIRMED in part, REVERSED in part and REMANDED. The District Court is instructed to enter judgment in favor the defendants.